[Crim. No. 203.   First Appellate District.—December 9, 1909.]

THE PEOPLE, Respondent, v. J. C. LEWIS, Appellant.

CRIMINAL LAW—FELONIOUS ASSAULT UPON WIFE—PRIOR CONVICTION
ADMITTED—SEPARATION—MISCONDUCT OF DISTRICT ATTORNEY NOT
PREJUDICIAL.—Upon the trial of a defendant charged with an as-
sault upon his wife with intent to commit murder, while she was
living apart from him, and with a prior conviction of felony, which
was admitted, where the prosecuting attorney, without evidence to
that effect, argued that his wife had left him on account of the prior
conviction, and upon objection sustained for want of such evidence,
the prosecuting attorney immediately withdrew the statement, and
requested the court to direct the jury to disregard it, which request
was granted, there was, under the circumstances, no such prejudi-
cial misconduct of the prosecuting attorney, as requires a reversal
of the judgment of conviction.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order denying a new trial.   F.
B. Ogden, Judge.

The facts are stated in the opinion of the court.

Geo. Ingraham, for Appellant.

U. S. Webb, Attorney General, for Respondent.

KERRIGAN, J.—The defendant was charged by informa-
tion with the crime of assault with intent to commit murder,
the information also setting up a prior conviction.   To the
latter charge he pleaded guilty, but went to trial on the
other, and was convicted.   From the judgment and from an
order denying his motion for a new trial he prosecutes this
appeal.

The principal point urged by the defendant for a reversal
of the judgment is misconduct on the part of the prosecuting
officer.

The assault for which the defendant was being tried was
committed on his wife, who was living apart from him; and
it appears from the record that just prior to the assault the
defendant called on her and besought her to live with him

again, but she refused to do so. The defendant offered himself as a witness at the trial, and upon his cross-examination admitted that he had been convicted of a felony. In the course of his argument to the jury, the assistant district attorney stated that the defendant's wife had refused to live with him because he had been convicted of a felony. There was no evidence in the case that she had refused to live with him upon this ground, and upon objection by the defendant the prosecuting officer, in the presence of the jury, was immediately so informed by the court.

The district attorney withdrew this statement, and requested the court to direct the jury to disregard it, whereupon the court instructed the jury in substance that the only use they could make of the testimony given by the defendant that he had been convicted of a felony was in weighing the credibility of his testimony; that the assertion of the district attorney that the defendant's wife had refused to live with him because of his conviction of a felony was without any evidence to support it, and that therefore it was to be wholly disregarded by the jury.

There are a number of cases in this state (many of which are cited by the defendant in his brief) to the effect that it is error sufficient to reverse a judgment for the prosecuting officer against objection to state facts pertinent to the issue but not in evidence, or to argue on the assumption that such facts are in evidence when they are not. While there was no evidence in this case that the wife's refusal to live with the defendant was because of his conviction of a felony, yet it is plain, we think, in view of the circumstances above adverted to and the triviality of the entire matter, that the statement was not so serious as to come within the doctrine of those cases.

In the oral argument before this court counsel for defendant contended that the trial court erred in its rulings on the admission of certain evidence. We have carefully examined these rulings, and also the sufficiency of the evidence to support the verdict, and find these points to have less merit than the point first considered.

The judgment and order are affirmed.

Cooper, P. J., and Hall, J., concurred.